1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAYO OLUGBOYEGA OGUNBANKE,              Case No. 1:18-cv-00796-LJO-JDP

12                Petitioner,                ORDER DENYING PETITIONER'S
                                             MOTION FOR APPOINTMENT OF
13        v.                                 COUNSEL WITHOUT PREJUDICE

14   KIRSTEN NIELSEN, *et al*.,              ECF No. 8

15                                           ORDER REQUIRING SUPPLEMENTAL
                Respondent.                  SUBMISSION FROM THE PARTIES
16

17        Petitioner Tayo Olugboyega Ogunbanke, a detainee in custody of the United States

18   Bureau of Immigration and Customs Enforcement, proceeds without counsel seeking a petition

19   for a writ of habeas corpus under 28 U.S.C. § 2241.

20        The court will deny petitioner's motion for appointment of counsel without prejudice.  A

21   habeas petitioner has no absolute right to counsel, but a district court may appoint counsel if

22   (1) the petitioner is "financially eligible" and (2) "the interests of justice so require." 18 U.S.C.

23   3006A(a)(2)(B).  Here, petitioner has not satisfied the first requirement.  If petitioner decides to

24   renew his motion for appointment of counsel, petitioner must present evidence of his financial

25   circumstances.

26        The court will also require the parties to supplemental submissions.  Respondents contend

27   that this case is moot because petitioner is now eligible to be released on bond.  *See* ECF No. 20.

28   An immigration judge has found that a bond for the amount of $250,000 is justified given

1

petitioner's multiple convictions of fraud involving a significant monetary amount. *See* ECF

No. 2-1 at 8. If petitioner cannot afford the bond amount and the immigration judge's ruling had

the practical effect of ensuring petitioner's continued custody, such ruling would be unreasonable.

*See Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1118 (S.D. Cal. 2008). Thus, the court will require

petitioner to submit evidence of his financial circumstances. Petitioner may rely on his own

declaration or other forms of evidence. Respondents must file a supplemental submission

explaining why the court should not direct the release of petitioner. *See id.* at 1119.

Respondents' supplemental submission must also address the arguments raised in petitioner's

traverse. *See* ECF No. 22. After reviewing the parties' submissions, the court will decide

whether to hold a hearing.

**Order**

1. Petitioner Tayo Olugboyega Ogunbanke's motion for appointment of counsel, ECF No. 8, is denied without prejudice.

2. Petitioner must file a response to this order within thirty days from the date of service of this order.

3. Respondents must file a supplemental submission in support of their answer within forty-five days from the date of service of this order.

IT IS SO ORDERED.

Dated:    December 20, 2018    _____

UNITED STATES MAGISTRATE JUDGE

2