UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYO OLUGBOYEGA OGUNBANKE,<br><br>Petitioner,<br><br>v.<br><br>KIRSTEN NIELSEN, *et al.*,<br><br>Respondent. | Case No. 1:18-cv-00796-LJO-JDP<br><br>ORDER DENYING PETITIONER'S MOTION FOR COUNSEL AND SETTING NEW BRIEFING SCHEDULE<br><br>ECF Nos. 26, 30, 32, 33 |

Petitioner Tayo Olugboyega Ogunbanke, a detainee in custody of the United States Bureau of Immigration and Customs Enforcement, proceeds without counsel seeking a petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will deny petitioner's motion for counsel without prejudice and issue a new briefing schedule.

**I. Petitioner's Motion for Counsel**

Petitioner moves for appointment of counsel, stating that (1) he cannot adequately present the relevant facts of his case and (2) appointing him counsel would promote judicial economy. ECF No. 26 at 2-3. If respondent files an answer to the petition, the answer must accompany all pertinent records necessary to adjudicate petitioner's claims. *See* Rules Governing Section 2254 Cases, Rule 5(c).[1] If respondent files a motion to dismiss and petitioner needs to review any

---

[1] A district court may apply the Rules Governing Section 2254 Cases to all habeas proceedings. *See* Rules Governing Section 2254 Cases, Rule 1(b). We will do so here.

1

material not in his possession, petitioner may inform the court of his need for any additional materials in his opposition to the motion to dismiss; we will then decide whether to order respondent to file those missing materials. As for petitioner's argument on judicial economy, it is too early to tell whether appointing counsel for petitioner would promote judicial economy. We will deny petitioner's motion for counsel without prejudice.

**II. New Briefing Schedule**

Petitioner has filed a supplement to his habeas petition, raising new claims that he did not include in his original petition. ECF No. 36. We will construe petitioner's supplement to the petition as a motion to amend the petition and we will grant it. The parties' submissions are due by the deadlines set forth below. Any response to the petition must address all claims raised in the original petition and in the supplement to the petition. *See* ECF Nos. 1 and 36.[2]

We end by addressing one administrative matter. Respondent has filed several reports on the status of petitioner's immigration proceedings. *See* ECF Nos. 30, 32, 33. The clerk of court informed respondent that these reports were erroneously filed as motions, ECF No. 34, but these reports still appear as motions on the docket. We will deny these "motions."

**Order**

1. Petitioner's motion for counsel, ECF No. 26, is denied without prejudice.
2. Respondent's miscellaneous motions, ECF Nos. 30, 32, 33, are denied without prejudice.
3. Within sixty days of the date of service of this order, respondent must file a response to the petition.
4. A response may be one of the following:
    a. An answer addressing the merits of the petition.
    b. A motion to dismiss the petition.
5. If respondent files an answer, respondent must file all transcripts and other documents

---

[2] It appears that petitioner's original habeas claims, which asked for a new bond hearing, have become moot because an immigration judge has already granted petitioner another bond hearing. Respondent should brief the mootness issue in addition to the new habeas claims raised by petitioner.

2

necessary for resolving the issues presented in the petition. *See* Rules Governing Section 2254 Cases, Rule 5(c). The transcripts and other records are due on the same day as the answer.

6. If respondent files an answer to the petition, petitioner may file a traverse within thirty days of the date of service of respondent's answer. If no traverse is filed within thirty days, the petition and answer are deemed submitted.

7. If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within twenty-one days of the date of service of respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served. The motion to dismiss will be considered submitted twenty-eight days after the service of the motion or when the reply is filed, whichever comes first. *See* Local Rule 230(l).

IT IS SO ORDERED.

Dated: July 3, 2019 /s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

No. 202