UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYO OLUGBOYEGA OGUNBANKE, | Case No. 1:18-cv-00796-NONE-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KIRSTEN NIELSEN, *et al*., | OBJECTIONS DUE IN FOURTEEN DAYS |
| Respondent. | ECF No. 40 |

Petitioner Tayo Olugboyega Ogunbanke, a former detainee in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE") proceeding without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. On September 16, 2019, petitioner was removed from the United States to Lagos, Nigeria. *See* ECF Nos. 40-1, 41. On October 15, 2019, respondent moved for dismissal of the petition as moot because petitioner is no longer in U.S. custody. ECF No. 40. On December 4, 2019, petitioner was served at his last known address with an order granting him 30 days to respond to the motion to dismiss. ECF No. 42. Petitioner has not responded and the time for doing so has passed. Because the petition is moot, we grant respondent's motion to dismiss.

**Background**

In his June 11, 2018 petition, petitioner stated that he had been held for eight months in ICE detention without a bond hearing while awaiting removal. ECF No. 1 at 4. He claimed that (1) his Fifth Amendment due process rights were violated when the government failed to hold a bond hearing in a timely manner, and (2) his Eighth Amendment right to be free from cruel and unusual punishment was violated by the government's denial of bail. *Id*. at 12-13. Petitioner sought either his release while awaiting execution of the removal order, or in the alternative a hearing before an immigration judge to determine whether his continued detention was warranted. *Id*. at 13.

On July 20, 2018, petitioner appeared before an immigration judge for a bond hearing and was granted release on a $250,000 bond. ECF Nos. 20 at 2, 20-1 at 8.[1] On September 9, 2018, respondents filed an answer to the petition, arguing that the case should be dismissed as moot because petitioner's only relief sought, a bond hearing, had been granted. ECF No. 20 at 9-10. On November 5, 2018, petitioner filed a traverse, raising a new argument that he is entitled to a waiver of deportation under various provisions of the Immigration and Nationality Act. *See* ECF No. 22 at 4, 7. On September 16, 2019, petitioner was removed from the United States. *See* ECF Nos. 40-1, 41. Respondent now moves to dismiss the petition as moot. ECF No. 40.

**Discussion**

The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

---

[1] The bond amount was later reduced to $25,000. *See* ECF No. 33.

1     Detention is a "concrete injury."  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once

2     detention has ended "some concrete and continuing injury" other than detention—a "collateral

3     consequence"—must exist if a habeas petition is to be maintained.  *See id*.  When a habeas

4     petitioner challenges his underlying criminal conviction, collateral consequences are presumed to

5     exist, even after a petitioner has been released from custody.  *See id*.  However, collateral

6     consequences are not presumed where a habeas petitioner challenges an action other than a

7     criminal conviction.  *Id*. at 12-13.  In those cases, the petition is moot once the petitioner is

8     released from custody, unless the petitioner can show that he will suffer collateral consequences.

9     *Id*. at 14.

10     Here, petitioner initially sought a bond hearing or release.  *See generally* ECF No. 1.  He

11     was granted a bond hearing, *see* ECF No. 33, and is no longer in custody of the United States, *see*

12     ECF No. 40-1.  Because it is now "impossible for [the] court to grant any effectual relief" on

13     petitioner's claims, they are moot.  *See Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir.

14     2018); *Adelabu v. Gonzales*, 166 F. App'x. 275, 276 (9th Cir. 2006) ("To the extent [petitioner]

15     challenges his detention, we dismiss the appeals as moot because [petitioner] was removed" from

16     the United States.).

17     Next, petitioner claimed that he was entitled to a waiver of deportation under various

18     provisions of the Immigration and Nationality Act.  *See* ECF No. 22 at 4, 7.  To the extent

19     petitioner seeks review of his final deportation order, jurisdiction does not lie with this court.  *See*

20     8 U.S.C. § 1252.  The Court of Appeals has exclusive jurisdiction over the review of final orders

21     of removal.  *See Hose v. INS*, 180 F.3d 992, 995 (9th Cir. 1999) (The "[Illegal Immigration

22     Reform and Immigrant Responsibility Act]'s transitional rules vest exclusive jurisdiction over

23     petitions for review of exclusion orders in the courts of appeals, not the district courts.").  To the

24     extent that petitioner sought a stay of deportation pending judicial review, his claim is moot

25     because he has already been deported.  *See id.* at 996 ("If we construe [petitioner's] petition as

26     one merely seeking a stay, the case is moot because of [her] deportation.").

27     Finally, petitioner did not allege any current or future collateral consequences from his

28     detention and pending deportation.  Because collateral consequences are not presumed in habeas

3

1    cases challenging detention, petitioner had the burden to show he would suffer collateral

2    consequences. *See Spencer*, 523 U.S. at 14. Therefore, because petitioner is no longer in

3    detention, and he has failed to allege any collateral consequences of his detention, his petition is

4    moot. *See id.*

5    **Certificate of Appealability**

6        A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

7    court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253;

8    *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases

9    requires a district court to issue or deny a certificate of appealability when entering a final order

10    adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

11    1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes

12    "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

13    standard requires the petitioner to show that "jurists of reason could disagree with the district

14    court's resolution of his constitutional claims or that jurists could conclude the issues presented

15    are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord*

16    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

17        Here, petitioner has not made a substantial showing of the denial of a constitutional right.

18    Thus, the court should decline to issue a certificate of appealability.

19    **Findings and Recommendations**

20        For the foregoing reasons, we recommend that the court grant respondent's motion to

21    dismiss, ECF No. 40, and dismiss this case without prejudice. These findings and

22    recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C.

23    § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and

24    recommendations, the parties may file written objections to the findings and recommendations

25    with the court and serve a copy on all parties. Any such objections must be captioned

26    "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge

27    will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

28

1    IT IS SO ORDERED.

2

3    Dated:    February 12, 2020                    _____
                                                    UNITED STATES MAGISTRATE JUDGE
4

5
     No. 206.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28