UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYO OLUGBOYEGA OGUNBANKE,<br><br>Petitioner,<br><br>v.<br><br>KIRSTEN NIELSEN, *et al.*,<br><br>Respondent. | Case No. 1:18-cv-00796-NONE-JDP<br><br><u>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION</u><br><br>(Doc. No. 40)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION</u><br><br>(Doc. No. 46) |

Petitioner Tayo Olugboyega Ogunbanke, a former detainee in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE") proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2019, petitioner was removed from the United States to Lagos, Nigeria. (*See* Doc. Nos. 40-1, 41.) On October 15, 2019, respondent moved for dismissal of the petition as having been rendered moot because petitioner is no longer in U.S. custody. (Doc. No. 40.) On December 4, 2019, petitioner was served at his last known address with an order granting him 30 days to respond to the motion to dismiss. (Doc. No. 42.) Petitioner did not respond to the motion to dismiss and the time for doing so has passed. On February 13, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss

1

be granted. (Doc. No. 46.) The findings and recommendations were served on petitioner and contained notice that objections thereto were due within fourteen (14) days of service. (*Id.*) The time for filing objections has passed and petitioner has failed to file any objections to the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. The magistrate judge concluded that petitioner's petition for bond hearing or for release from custody was now moot because petitioner had since been removed to Lagos, Nigeria. (Doc. No. 46 at 3.) The magistrate judge also considered potential collateral consequences to petitioner stemming from his past confinement and found that there were none, and that any appellate challenge of the immigration judge's deportation order rested exclusive in the jurisdiction of the Court of Appeals. (*Id.*) Based on these findings, the magistrate judge recommended that respondent's motion to dismiss be granted without prejudice. (*Id.* at 4.) Having carefully reviewed the entire file, the court agrees and finds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court grants a motion to dismiss a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 13, 2020 (Doc. No. 46) are adopted in full;
2. Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 40) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES DISTRICT JUDGE